UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

PATRICK EDWARD MCCANN, Individually
and on behalf of a class of all persons and
entities similarly situated,

    Plaintiffs,

v.

SELECTQUOTE INSURANCE SERVICES,
INC.,

    Defendant.

Case No. 2:24-cv-12261-LJM-APP

### SELECTQUOTE INSURANCE SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant, SelectQuote Insurance Services ("SelectQuote"), through counsel and under the Federal Rules of Procedure, submits this Answer and Affirmative Defenses to the Class Action Complaint filed Patrick Edward McCann ("plaintiff"), and states:

### Preliminary Statement

1. SelectQuote denies the allegations in ¶ 1 as calling for legal conclusion.

2. SelectQuote denies the allegations in ¶ 2 as calling for a legal conclusion.

3. SelectQuote admits plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act ("TCPA)", § 47 U.S.C. § 227, *et seq.*, but denies any violations, liability and wrongdoing under the law. Except as specifically admitted, SelectQuote denies the allegations in ¶ 3.

4. SelectQuote denies the allegations in ¶ 4.

5. SelectQuote denies the allegations in ¶ 5.

1

### Parties

6. SelectQuote admits the allegations in ¶ 6 upon information and belief.

7. SelectQuote admits it is a corporation. Except as specifically admitted, SelectQuote denies the allegations in ¶ 7.

### Jurisdiction & Venue

8. SelectQuote denies the allegations in ¶ 8 as calling for a legal conclusion and leaves all matters of jurisdiction to the Court.

9. SelectQuote admits that by filing this Answer, it is subject to personal jurisdiction in this Court. Except as otherwise admitted, SelectQuote denies the allegations in ¶ 9.

10. SelectQuote denies the allegations in ¶ 10 as calling for a legal conclusion and leaves all matters of venue to the Court.

### Statutory Background

11. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 11 state otherwise, denied.

12. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 12 state otherwise, denied.

13. The referenced section of the TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 13 state otherwise, denied.

14. The referenced section of 47 C.F.R. § 64.1200(c)(2) speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 14 state otherwise, denied.

15. SelectQuote denies the allegations in ¶ 15 as calling for a legal conclusion.

16. SelectQuote denies the allegations in ¶ 16 as calling for a legal conclusion.

## Factual Allegations

Alleged Calls to Mr. McCann

17. SelectQuote denies the allegations in ¶ 17 as calling for a legal conclusion.

18. SelectQuote denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19. SelectQuote denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. SelectQuote denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21. SelectQuote denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. SelectQuote denies the allegations in ¶ 22 as written.

23. SelectQuote denies the allegations in ¶ 23.

24. SelectQuote denies the allegations in ¶ 24.

25. SelectQuote denies the allegations in ¶ 25.

26. SelectQuote denies the allegations in ¶ 26.

27. SelectQuote denies the allegations in ¶ 27 as written.

28. SelectQuote's records indicate a person identifying himself as plaintiff spoke with Anthony Casper. Except as specifically admitted, SelectQuote denies the allegations in ¶ 28.

29. SelectQuote denies the allegations in ¶ 29 as written.

30. SelectQuote admits the allegations in ¶ 30.

31. SelectQuote denies the allegations in ¶ 31 as written.

32. SelectQuote denies the allegations in ¶ 32.

33. SelectQuote denies the allegations in ¶ 33.

## Class Action Allegations

[¶¶ 34-42 omitted from the Complaint].

43. SelectQuote admits plaintiff purports to bring this action individually and on behalf of a class, but denies any violations, liability, damages or wrongdoing under the law and further denies that plaintiff can satisfy the requirements of Fed. R. Civ. P. 23 to maintain this action as a class action. Except as specifically admitted, SelectQuote denies the allegations in ¶ 43.

44. SelectQuote admits plaintiff proposes to represent a class of persons defined as the National Do Not Call Registry Class. Except as specifically admitted, SelectQuote denies the allegations in ¶ 44 and further denies that this lawsuit meets the requirements of a class action.

45. SelectQuote admits plaintiff proposes to exclude from the Class those individuals and entities defined in ¶ 45, but denies the allegations and further denies that this lawsuit meets the requirements of a class action.

46. SelectQuote denies the allegations in ¶ 46 and further denies that this lawsuit meets the requirements of a class action.

47. SelectQuote denies the allegations in ¶ 47 and further denies that this lawsuit meets the requirements of a class action.

48. SelectQuote admits plaintiff purports to represent a class, but denies that this lawsuit meets the requirements of a class action. Except as specifically admitted, SelectQuote denies the allegations in ¶ 48.

49. SelectQuote denies the allegations in ¶ 49, and its subparts, and further denies that this lawsuit meets the requirements of a class action.

50. SelectQuote denies the allegations in ¶ 50 and further denies that this lawsuit meets the requirements of a class action.

51. SelectQuote denies the allegations in ¶ 51 and further denies that this lawsuit meets the requirements of a class action.

52. SelectQuote denies the allegations in ¶ 52 and further denies that this lawsuit meets the requirements of a class action.

53. SelectQuote denies the allegations in ¶ 53 and further denies that this lawsuit meets the requirements of a class action.

54. SelectQuote denies the allegations in ¶ 54 and further denies that this lawsuit meets the requirements of a class action.

55. SelectQuote denies the allegations in ¶ 55 and further denies that this lawsuit meets the requirements of a class action.

## Legal Claims

**Count One:
Telephone Consumer Protection Act
Alleged Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56. In response to ¶ 56, SelectQuote reasserts the foregoing as if fully stated herein.

57. SelectQuote denies the allegations in ¶ 57 and further denies that this lawsuit meets the requirements of a class action.

58. SelectQuote denies the allegations in ¶ 58.

59. SelectQuote denies the allegations in ¶ 59 and further denies that this lawsuit meets the requirements of a class action.

60. SelectQuote denies the allegations in ¶ 60 and further denies that this lawsuit meets the requirements of a class action.

61. SelectQuote denies plaintiff and the purported class members are entitled to the relief sought in the subparts under "Relief Sought."

## **SELECTQUOTE'S AFFIRMATIVE DEFENSES**

1. SelectQuote denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of SelectQuote's purported violations.

2. Assuming plaintiff suffered any damages, which is denied, plaintiff has failed to mitigate damages or take other reasonable steps to avoid or reduce his damages.

3. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than SelectQuote and were beyond the control or supervision of SelectQuote or for whom SelectQuote was and is not responsible or liable.

4. One or more of the telephone call(s) made to plaintiff were not made to a wireless, *i.e.*, cellular, telephone.

5. Plaintiff consented and authorized calls to the phone number in question.

6. One or more of the telephone call(s) made to plaintiff are exempt from TCPA liability under various provisions and regulations, including: 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(2)(b), 47 U.S.C.§ 227(c)(5)(c), 47 C.F.R. § 64.1200(a), and 47 C.F.R. § 64.1200(c).

7. The equipment used to make one or more of the telephone call(s) at issue is not covered by or subject to the TCPA.

8. To the extent the call(s) at issue were to plaintiff's telephone, as alleged, plaintiff provided consent to receive those calls.

9. To the extent plaintiff was not the subscriber of the telephone at the time of the call(s) at issue, plaintiff has no standing to assert his claim.

10. To the extent plaintiff was not the intended recipient of the call(s) at issue, plaintiff has no standing to assert the claim.

11. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

12. Plaintiff has failed to state a claim against SelectQuote upon which relief may be granted.

13. Any call(s) placed by, on behalf of, or in relation to SelectQuote to plaintiff were made with express invitation or permission.

14. Plaintiff fails in whole or in part to satisfy the requirements for a class action.

15. This matter should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

FURTHER ANSWERING, SelectQuote incorporates by reference each and every additional affirmative defense that may be uncovered or made known during ongoing investigation and discovery and reserves the right to amend this Answer to add and include such additional affirmative defenses.

WHEREFORE, Defendant, SelectQuote Insurance Services, respectfully requests the Court dismiss this action with prejudice and grant it any such other and further relief the Court deems appropriate.

Date: September 25, 2024              Respectfully submitted,

*/s/ Justin H. Homes*
Justin H. Homes, Esq.
Sessions, Israel & Shartle, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7931
Facsimile: (504) 828-3737

*Counsel for Defendant,
SelectQuote Insurance Services*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system and U.S. Mail, postage prepaid.

*/s/ Justin H. Homes*_____