**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| PATRICK EDWARD MCCANN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br>　　　Case No.<br><br>SELECTQUOTE INSURANCE SERVICES INC.<br><br>　　　　　　Defendant. | Case No.: 24-12261<br><br>Hon. Laurie J. Michelson<br>Mag. Judge Anthony P. Patti |

## JOINT DISCOVERY PLAN

A Rule 16 Scheduling Conference is scheduled for October 18, 2024.

Appearing for the parties as counsel will be:

　　For the Plaintiff: Anthony Paronich of Paronich Law, P.C.

　　For the Defendant: Justin H. Homes, of Sessions, Israel & Shartle, LLC

1) **Related Cases:** None.

2) **Jurisdiction**: The basis for the Court's jurisdiction is:

Plaintiff asserts that this Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), which is a federal statute and thus presents a federal question. Plaintiff has Article III standing to pursue his claims in this Court. *See Dickson v. Direct Energy, LP*, 69 F.4th 338 (6th Cir. 2023).

3) **Venue:** Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of

1

the events or omissions giving rise to the claim—namely, the calls to Mr. McCann—occurred in this District.

4) **Statement of the Case**: This case involves:

<u>Plaintiff's Statement of the Case</u>: Plaintiff Patrick Edward McCann ("Plaintiff" or "Mr. McCann") took the affirmative step of registering his telephone number on the National Do Not Call Registry, which is designed to prevent the receipt of unwanted telemarketing calls. Despite his registration, Selectquote placed telemarketing calls to his residential cellular telephone number. Based on the generic, automated and unsolicited nature of the communications the Plaintiff has sought to represent the following putative class:

**National Do Not Call Registry Class**:

All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

<u>Defendant's Statement of the Case</u>: Defendant, SelectQuote, denies any and all violations, liability or wrongdoing under the law. In particular, SelectQuote denies placing any telephone calls to plaintiff and denies it is vicariously liable for calls that may been placed by third parties. On September 25, 2024, SelectQuote filed its Answer and Affirmative Defenses (Dkt No. 5) and incorporates said Answer and Affirmative Defenses herein.

5) **Legal Issues**

    (a)    Were the calls made to residential telephone numbers?

    (b)    Were the calls necessitated by an emergency?

      (c)      Had the called parties provided prior express written consent?

      (d)      Were Defendant's violations of the TCPA knowing or willful?

      (e)      Should Defendant be enjoined?

      (f)      Should class certification be granted?

**Defendant:**

      (a)      Whether SelectQuote violated any provisions of the TCPA;

      (b)      Whether plaintiff was registered under the Do Not Call Registry;

      (c)      Whether this matter meets the requirements of a class action;

      (d)      Whether plaintiff has standing to assert his claim;

      (e)      Whether any of the telephone calls are exempt from the TCPA;

      (f)      Whether plaintiff provided consent to the telephone calls.

6) **Amendment of Pleadings:**

**Plaintiff:** If the Plaintiff learns that a third party physically dialed the calls at issue, he will likely file an amended complaint to name that party.

**Defendant:** SelectQuote does not anticipate a need to amend its current pleadings.

7) **Discovery**:

**Plaintiff**:

(a) Plaintiff anticipates that the focus of discovery will include:

- electronic data regarding the calls at issue;
- electronic data tracking any alleged consents to receive calls, including the logs of any servers that obtained any purported consent;
- electronic data regarding any alleged website visits that the Defendant asserts is the basis for the calls;
- contracts, invoices, and other documents relating to the relationships between the Defendant and its telemarketing vendors and customers;

- Defendant's policies and procedures (if any) concerning TCPA compliance;
- complaints relating to telemarketing made to or about Defendant, and Defendant's responses thereto;
- email and other communications related to the allegations of this case.

(b) This focus of discovery will satisfy proportionality because it will relate to (a) class member identification and the damages that should be assessed to class members, and because this information is only in the hands of the Defendant and its telemarketers.

(c) The Plaintiff intends to depose the Defendant's 30(b)(6) representative related to the relationship the Defendant has with its telemarketers, the Defendant's expert witness that will contest class certification and the Defendant's representative that investigates and responds to TCPA complaints.

(d) The Plaintiff served discovery requests following the 26(f) conference.

(e) The parties intend to submit a proposed protective order.

**Defendant:** SelectQuote will require discovery from plaintiff, including interrogatories, request for admissions and request for production, as well as deposition testimony, regarding the factual circumstances surrounding plaintiff's claims and the issues set forth above.

8) **Electronic Discovery**: The parties are amenable to entry of the District's Model Order Relating to the Discovery of Electronically Stored Information.

9) **Settlement**: The parties believe that settlement will be appropriate after all involved parties are identified as well as discovery regarding the topics they intend to explore has taken place.

10) **Consent**: The parties do not unanimously consent to the jurisdiction of a United States Magistrate Judge.

11) **Trial**: A jury trial has been requested and the length of trial is believed to be 5 days if a class is certified. The Plaintiff believes that trial will be ready to occur by the end of 2025.

12) **Miscellaneous**: The parties believe that a Schedule should be set through class certification and summary judgment and then a Rule 16 conference should be set following the Court's decision on those two motions, which will shape the litigation.

Date: October 9, 2024

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*


*/s/ Justin H. Homes*
Justin H. Homes, Esq.
Sessions, Israel & Shartle, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7931
Facsimile: (504) 828-3737

*Counsel for Defendant,
SelectQuote Insurance Services*